Employee Appeals, two appeals from the Court of Federal Claims, a patent appeal from the District Court. One of the employee cases and one of the claims cases will be submitted on the briefs and therefore not argued. So we have three cases. The first case is Faye Griscoll v. Postal Service, 2009, 3073. Mr. Goffney. Good morning, Your Honors. May it please the Court, the issue on appeal from the Board is whether the Board has abused its discretion where that discretion rests on a decision on factual findings that are not supported by substantial evidence. What happened here was the petitioner was not charged in the proposed removal letter with falsification, although that seems to be the basis upon which the Administrative Judge made her penalty determination. The Administrative Judge improperly chose to treat the charge of improper reporting of work hours as one of falsification instead of bad classification. Well, the Administrative Judge doesn't use the word falsification anywhere, do they? Well, in the opinion, she alludes to falsification. I don't know. Well, she actually did. In the decision, she did use the word falsification, I believe. Where is that? If you go to the appendix in back of the appellant's brief. There's certainly a discussion of intent, but I didn't believe that she changed the underlying charge. Well, what she said was that she characterized the first charge as falsification-slash-intent to mislead, even though the agency called it improper reporting of work hours. And I don't know that I can cite to the exact page, but it is here, and I think I may have it in my notes somewhere, where she does actually call it falsification. Mr. Gaffney, how does that harm your client? That sets a higher hurdle for the government. Not only do they have to establish that the records were changed, but that it was done with intent. Well, that's true, and we're concerned that it does harm my client, because my client was suffered a penalty as a result of the administrative judge considering it falsification. We believe there's not substantial evidence to support falsification or any kind of deception, but certainly since we believe the judge embellished the charge brought by the agency to make it falsification, she was able to justify demoting my client from her supervisory position to a non-supervisory one. So that would be the second issue that we're addressing. Not only did the judge embellish the charge, but then the penalty of demotion, even though it was mitigated from a removal, still is excessive punishment. Is the penalty of demotion proper for improper work hours apart from intent? Is there some schedule that would suggest the appropriate range of penalties? Well, I can't say what the administrative judge would have done had she not considered falsification. We do argue that there isn't even substantial evidence that my client intended to... Yes, but the only difference between improper reporting of work hours and falsification, as I understand your argument, is intent. So suppose that I say you're right, there isn't substantial evidence of intent. Hasn't it nonetheless been established that she improperly reported the work hours? I don't see you even disputing that. I mean, she admits fully that these people were not training when she reported them training, that they were in fact delivering mail when she reported them back, and you just dispute the intent promise, I understand. Well, we do dispute the intent promise, but we also say that because she was a supervisor, she had a right to classify the time spent by her carriers as training, because she really felt that she was training them. And let me correct you, Judge, on one point. She never admitted that they weren't in training. The charge may have stated that, but she has always denied that she improperly recorded these hours because she feels to this day that they were in training. Were they delivering mail past 5 o'clock? They were out delivering mail, but... And did she report that they were out past 5 o'clock as she was required to do? She didn't hide that fact. Did she report it as she was required to do? Well, let me address the requirement part. There was never testimony that there was an absolute rule that she had to report them out after 5 o'clock. That was a goal. They call that the 5 o'clock goal or something like that, but the record will show that that was merely a goal. So yes, the carriers were out after 5 o'clock. There was actually a third carrier in addition to Lee and Boyd. As I'm understanding you say, of course carriers are allowed to be out past 5 o'clock, but aren't supervisors required to report when they are having people out on the street past 5 o'clock? Well, that is a goal. No, I understand there's a goal to have them in by 5, but aren't they required? Not it's a goal that maybe you report, that you sometimes report, you report when it's convenient, but you're actually required to give notice that your postal carriers on a given day are out past 5. Judge, that is established practice, but we weren't able to identify any written rule that says that that has to be done. My client was aware that that is a goal of supervisors, but she wasn't subject to any written rule to do so would be the answer to that. So if the judge calls this falsification, rather than what the agency called it as simply improper reporting, we're arguing that the petitioner's due process rights were violated. And we base that on the fact that the charge that she was ultimately declared guilty of is different from what was in the proposed notice. We believe that, well we talked about the intent issue, and here the judge found that the deciding official sustained the first charge based on her own conclusion that the petitioner had intentionally, even though improperly, reported the work hours of her subordinates. Now she construed the language used in the notice of proposed removal and in the decision as involving intent, and we believe that's a problem. And that was in contradistinction to the petitioner's expressed denial that the conduct was not on purpose. We believe that substantial evidence cannot support a charge of falsification because the judge should have found that the agency had intentionally didn't charge that in the NPR, as I've said, and that the charge sustained could have been essentially one of unsatisfactory performance, and that would have been consistent with the label that the government actually used. We do point out in brief that the Board has found it to be error to sustain an unsatisfactory performance charge based on the improper introduction of an element of intent, and we've provided a citation for that. And we do say that it is inappropriate for an agency to base its decision to discipline on charges that are different from the charges identified in the proposed notice. We believe that falsification in any event was never proven because substantial evidence does not support the Board's finding that the petitioner made improper clock rings with an intent to defraud the agency. And there are a couple of cases that deal with intent, and those are NACO versus Department of Transportation, and more recently, Leatherbury versus the Department of the Army. And both of those cases provide clear guidelines for finding intent if indeed intent is present. I don't know that I should go through those. I'm sure the Court is probably aware of what those requirements are. But for this petitioner, we would argue that the time clock entries that she made were not objectively false, and that she had a right and did consider the employees to be in training, and that's what she indicated. The agency didn't meet its burden of proving that the incorrect clock rings were material to anything. And then on the issue of intent, the agency didn't show that the incorrect clock rings would personally benefit the petitioner, which is a requirement, and determined whether there was intent. And finally, there was no personal material gain to the petitioner for making the clock rings that she did. Again, I'll emphasize that it was her belief that her carriers were in training, although her supervisors disagreed. And disagreeing with her interpretation of how she should record those hours is okay, but it certainly does not rise to the level of deception or falsification. As far as the penalty determination goes, we allege and argue that the administrative judge abused their discretion by relying on falsification in the penalty determination, that the administrative judge improperly sustained the falsification charge and makes the penalty selection inappropriate since falsification was not part of the notice of proposed removal. It is clear that falsification was the driving force behind the penalty selection, as noted in the judge's initial decision at pages 33 and 34. She cites to Leatherbury, Whelan, and Sayess in all of those cases deal with litigants who were accused and found guilty of repeated instances of falsification. In our case, of course, there was only the one instance of what we call simply improper recording of the time. So it is well settled that the Board may not impose discipline based on a charge that the agency could have brought but didn't. And again, we allege that the agency didn't charge falsification. That was an invention of the administrative judge. And finally, it is error for the agency to rely on matters affecting the penalty that it imposes without including those in the proposed notice, and we've cited several cases that substantiate that point. And if the Court agrees that the Board erred in finding falsification in a re-weighing of the Douglas factors for a different penalty, it's what we would ask for. And we would ask the Court to find that there was no reason to find at all that there was any intent on part of Ms. Driscoll to deceive the government. Now I will point out that this Court... Mr. Gaffney, you're into your rebuttal time. You can keep using it or you can save it as you wish. I'm going to make one final point in the next 15 seconds and I would like a couple of minutes for rebuttal. Much of this argument is based on a case that this Court heard in 2008 and it's called Tashira v. United States Postal Service that includes the same time of attendance, sort of inappropriate entries. And the site is 2007-3171. And I do request to reserve time for rebuttal. Thank you. Ms. Gonsalves, is it? Gonsalves. Good morning, Your Honors. Teresa Gonsalves on behalf of Respondent United States Postal Service. May it please the Court. This appeal concerns a postal supervisor who was entrusted with creating time entries in an honest, accurate, and efficient way. Counsel, suppose that the government gave notice of a charge of, I don't know, being late to work. Then in the course of the proceedings before the administrative judge, the administrative judge says, it's apparent to me that you are completely and utterly failing to perform your job description and therefore I punish you based on this charge, a charge that was not actually articulated by the government. Just go with my hypo. Would that be proper? No, it would not, Your Honor. So the charge for which a penalty is assessed has to be the charge that the agency alleged against the employee. The notice of proposed removal would need to provide the employee with reasonable notice. That is the touchstone. And so, Touchstone. I mean, I was very surprised at the government's red brief, which seems to have abandoned the improper timekeeping and instead taken a tactic of pure falsification because I don't see the word falsification anywhere in the charges against the employee. So where do you derive the basis for the falsification charge? Falsification involves a number of elements and falsification charges derive from the AJ's decision and from the notice in particular. Well, but from the AJ's decision, but you just told me that it wouldn't be proper for the AJ to base a decision not on the notice. So the AJ's decision can't help you to recraft a charge into something different on appeal. That is correct, Your Honor. So your other argument was the notice. But in this case, the notice gave reasonable notice of a falsification charge. Good to listen to the conclusion of the question. Oh, sorry about that. Okay, I have the notice here. So why don't you tell me what in the notice you believe puts Ms. Driscoll on notice that she is facing a charge of falsification rather than improper timekeeping because it seems as though I would imagine there could be a penalty for improper timekeeping that you might expect to get if you're sloppy and you put the wrong hours down. But that penalty, I imagine, could be greatly enhanced if it was in fact falsification and knowing an intentional act of change of time. You agree with me, right? It would be very different penalties that you would expect to face. Speeding and going five miles over the limit or reckless driving. I'm likely to face different penalties. If the court determines that intent is somehow that petitioner was not given notice of intent in this matter, we still believe that the penalty of demotion is appropriate. And that's set forth in our footnote 22 of our brief. And we cite Vaughn and Davis in support of that, this Court's precedence holding that even without the element of intent, demotion still would have been a reasonable penalty. However, if what Your Honor is getting at is the fact that the notice only discusses intent in determining what is the proper penalty, Your Honor is correct. The notice only discusses intent in terms of what is the proper penalty to be imposed. Where is the notice? Oh, here it is. I'm on page 72 of the appendix to the red brief. So tell me where you think this notice gives rise to a falsification charge so that she should have been properly on notice that her proposed removal was for falsification. I think that the essence of the notice here is just basically that she improperly and knowingly made and deliberately made time entries in contravention of postal policy. I think that that's basically the essence of what the notice provides. And in the letter of decision by the deciding official, she looks at Ms. Driscoll's knowledge and the fact that she was doing it in a knowing and improper way to determine that the penalty of removal was the proper penalty. But you acknowledge that nowhere in the notice of proposed removal does it say anything about falsification. It merely alleges improperly reporting the work hours. Your Honor is correct. It does not use the word falsification. However, it is the essence or the substance of the notice of falsification that is contained within the notice of proposed removal to the extent that she was charged with making improper, incorrect time entries that she knew did not accurately reflect what had happened, as supported by the MSNPS report and as supported by the tax records indicating that she had deliberately made changes to the time records of those two employees, Rye and Boyden. What are the elements of a charge of falsification? The charge of falsification requires three things. It requires intent. It requires that the change, whatever the conduct at issue, be material. And it requires a false statement. And so where does this notice of proposed removal, since it doesn't use the word falsification and in fact doesn't even use the word intent, where does it convey the notion that what she did was material in some way? Because if you're putting her on notice that you're charging her with falsification, it seems to me that you have to put her on notice either by at least saying the word falsification or by articulating the elements of the charge. First of all, I don't believe that that's been the holding of this court with respect to falsification charges. In fact, in the Schultz case, which was decided in 2009, this court looked at an improper conduct charge, held that it was proper for the administrative judge to construe an element of intent and then looked at the falsification as the charge when determining whether or not the proper penalty was arrived at. And so this court has very recently, in fact, looked at very similar facts such as here and determined that...construed that as a falsification charge and determined that removal in that case was a proper penalty. And to the extent, and again, I think that this court has been very clear that it's really the essence of the charge and the substance of the charge that governs whether or not an employee has been put on reasonable notice. Is this Schultz case cited to us or is it too recent? Is it so recent that it's not in your briefs or was it cited to us? I don't believe that it was cited in our briefs, but it's a follow-up to the LeChance decision, which says that an administrative judge may look at an unspecific charge and construe that charge to add an element of intent. Is it precedential or non-precedential? LeChance is precedential. No, the one that you're citing. But Schultz, the 2009 case, is not published. So we're not bound by it. That's correct, but I offer it for its persuasive value. And LeChance certainly is precedential. In that case, the court held that the AJ may properly construe a charge to include an element of intent if it is unspecific. But that didn't go to whether or not a notice of proposed removal would be proper for falsification when it doesn't use the word or mention any of the elements. Again, it's not what the label of the charge is that's relevant. It's whether the charge provides reasonable notice to the employee who is being charged. And in construing the charge, the AJ may look to the essence or the substance of the charge in determining. But either way, we still believe that even if the charge did not include an element of intent, that demotion was the maximum reasonable penalty. But would you agree, though, if the AJ was entirely misconstruing the charge and assuming the charge to be a charge that is significantly more severe than the one that the agency levied, under those circumstances, should we just sort of assume the AJ would have assessed the same penalty or approved of under the Douglas factors the same penalty had they been looking at the lesser charge? Or would the more appropriate action, it seems, for an appellate court to be to vacate and remand for the AJ to look at the proper charge that was actually levied and then assess whether that penalty was commensurate with that act? Your Honor is correct that if an administrative judge totally and completely misconstrues the charge, which is not the case here, it might be proper to remand. But in this case, the AJ did not. It's not like the situation that Your Honor identified in a hypothetical. It's not a case where an employee shows up late and then suddenly the charge becomes transformed into one of improper conduct. Here we have a charge of improper timekeeping and improper time recording coupled with a letter of decision that looks to the issue of intent in determining the appropriate penalty. The AJ properly construed that as a charge for falsification because it was a false statement that was material and that has never been disputed until the reply brief and coupled with intent. The AJ also makes reference to the notice of proposed removal in the text spanning pages 1 and 2 refers to an interview with Ms. Driscoll where she admitted placing Mr. Lee into training hours to improve productivity and furthermore that she knew Mr. Lee was on the street delivering mail after 5 and did not correct the clockings to reflect that fact. So the AJ, it seemed to me, did have some basis to conclude that this was deliberate. That's correct, Your Honor. The AJ didn't use the word falsification but did seem to place reliance on that to conclude that there was an element of intent here. That's correct, Your Honor. And again, to the extent that it provides reasonable notice that is the touchstone here. And also, even if the Court concludes that the Board erred in characterizing the charge as one of falsification that error was harmless. Substantial evidence supported the Board's finding as to the charge as written improper reporting of work hours. As to intent here, once we get beyond the due process and the notice argument which was a new argument in reply, by the way we get to whether or not she acted with the requisite intent and there's a lot of evidence in the record as to that point. There's direct evidence. There's the testimony of Owens, Barson, and Morales. There are the investigatory interview notes where Ms. Driscoll was represented by a NAPPS representative, a National Association of Postal Supervisors. There's a lot of evidence, much more than substantial evidence sufficient to support the finding that she acted with the requisite intent. She said that she recorded training hours to increase her productivity so that there would be no one out on the street past 5 o'clock. And as Your Honor previously noted, the 1700 operational windows policy of the Postal Service required that Ms. Driscoll both project which carriers will be out on the street past 5 o'clock early in the morning and then later after 5 o'clock, within a short time after 5 o'clock to then report which carriers were still on the street. And she modified their time records to reflect improperly and falsely that they were not on the street past 5 o'clock  The interesting point is also that she did this later in the evening. So past 8 o'clock in some circumstances. And there are at least 8 different instances in this day on September 30, 2006 where she went out of her way to improperly and deliberately change time records or enter time records to falsely indicate that 2 carriers were on the street I mean were in the office when in fact they were not. I'd like to ask you just a brief question on the penalty. Ms. Driscoll had a 24 year unblemished career with the Postal Service and obviously had a bad day on a Saturday and was charged with 2 charges one with 2 specifications and only one of those charges was sustained. And yet she wound up with a demotion and a loss of her supervisory authority which somehow strikes me as harsh. One bad day out of 24 years of unblemished service even if one admits that that was not proper and even if one concedes that maybe it was with some intent or some deliberate conduct. It seems quite harsh. Was the HA's hand simply tied and the mitigation was required in this case at the level that it was set? Your Honor, the administrative judge in this case weighed after a 3 day hearing where the testimony of 12 different witnesses was taken weighed the evidence he then, once he determined that the Postal Service's penalty of removal was too harsh he mitigated the penalty to demotion. The Postal Service here believes that the charge of falsification just one instance of a charge of falsification is sufficient to justify removal under this court's precedent. In addition, we're not talking here about one isolated instance on one day we're talking about 8 incidences in one day at least and we're also talking about investigatory interviews which followed in which she refused to take responsibility for her actions. In fact, she said that it was no big deal she expressed no remorse whatsoever. The AJ took all of those factors into consideration weighed all those factors and determined that the maximum reasonable penalty here was demotion. And the court's role is not to re-weigh that evidence but rather to defer to the AJ's credibility determinations in this regard. Counsel, help me out. I must be overlooking it because you stated repeatedly and I think maybe even your opposing counsel said something about the AJ at some point characterizing this charge as falsification. Does the word falsification appear in her opinion? And if so, will you help me find it? Because I've been sitting here paging through trying to find it. No, Your Honor, I believe you are correct that the word falsification does not appear in the AJ's decision. The AJ never characterized this charge as falsification. The AJ relied on falsification decisions in reaching her decision. So, and as Mr. Goffney states in his reply brief he acknowledges that falsification cases were relied on and that falsification was the charge that the administrative judge construed that the AJ construed it to be a falsification charge. In this case, again, it's not and the Postal Service's petition for review as well as Ms. Driscoll's cross petition for review also talked about falsification. So the idea that Ms. Driscoll did not address falsification in her opening brief because she did not receive notice is a little bit disingenuous given the fact that falsification was presented to the full board and the full board affirmed the decision of the administrative judge. With the briefs, briefing falsification as the charge. Thank you, Ms. Gonzalez. Some more questions. Mr. Goffney has a minute and 45 seconds for rebuttal. Thank you, Your Honors. Judge Moore, the initial decision at pages 8 and 9 might address your concern about falsification. The judge found that the improper report of work hours did include an element of intent and she somehow found falsification because of the presence of intent. I want to jump quickly to the 1700 operational window. That was merely a policy. That was a goal. It was nothing written, nothing that could really be violated with consequences of being demoted. We do say that the penalty for this one-time occurrence in a 24-year tenure was harsh and there is evidence in the record that what was first considered for this was a 30-day paper suspension, but Ms. Driscoll was conscientious enough that she didn't want even that in her record and when she didn't accept a 30-day paper suspension, the agency turned around and fired her over this event that occurred, as you note, on a Saturday when she was shorthanded. Counsel, one of the problems you have with trying to re-argue the Douglas factors to us is the unbelievably deferential standard of review. I can't think of a place where our standard of review is more deferential than in the assessment of the appropriate penalty for a government employee. I mean, the standard is gross and harshly unconscionable. I can't imagine how almost anything could rise to that level. It's pretty severe and despite her 24-year service and even if I might agree with you, it makes it really hard to overturn that agency decision. And I do understand that, Your Honor, and that's why I think on technical grounds we argue based on Von Mueller and Langel, which is an MSPB case, that it is simply error for the agency to rely on matters affecting the penalty it imposes without including those in the proposal notice and I believe it is clear that nothing about falsification, nothing involving intent was included in the proposal notice, that being the case, we would ask for reversal or remand. Thank you, Mr. Goffney. The case will be taken under submission. Thank you.